United States District Court
Southern District of Texas
**ENTERED**
October 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNATHAN HUNT, TDCJ #560374, | § § § | |
| Petitioner, | § § | |
| vs. | § | CIVIL ACTION NO. H-19-4050 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Jonathan Hunt, representing himself, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his continued confinement on a sentence for unauthorized use of a motor vehicle. (Dkt. 1). The respondent has filed a motion for summary judgment, (Dkt. 57), together with the state court record. (Dkt. 58). Hunt has not filed a response to the motion, and the time to do so has expired. Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion and dismisses the case by separate order. The reasons are explained below.

**I.   Background and Procedural History**

In August 1990, the state court accepted Hunt's nolo contendere plea to one count of unauthorized use of a motor vehicle, enhanced by one prior felony conviction, *see State v. Hunt*, Cause No. 549806, and sentenced him to serve 25 years in the Texas Department of Criminal Justice (TDCJ). (Dkt. 58-1, p. 26). Hunt did not directly appeal his conviction or sentence. (*Id.* at 8). In his habeas petition, Hunt challenges his continued incarceration after his parole was revoked.

The procedural history is long but necessary to the court's disposition. Hunt began serving his sentence effective August 23, 1989. (Dkt. 58-11, p. 44). On February 1, 1994, Hunt was released to parole. His parole was revoked on July 23, 1996. He forfeited 2 years, 1 month, and 25 days of credit for the "street time" he spent on parole. (*Id.*). Hunt did not then challenge the forfeiture of his street-time credit or how the TDCJ calculated his remaining sentence when he returned to prison.

Hunt was released to parole again on June 12, 2001. (*Id.*). His parole was revoked on February 17, 2005, and he forfeited 2 years, 3 months, and 19 days of street-time credit. (*Id.*). Hunt filed a state habeas application, arguing that the forfeiture of his street-time credit violated double jeopardy. (Dkt. 58-1, pp. 7-15). The Texas Court of Criminal Appeals dismissed the habeas application because Hunt had failed to exhaust available administrative remedies through the TDCJ time-credit dispute resolution process before filing his petition. (*Id.* at 2, 22-23). Hunt took no further action at the time.

On January 3, 2006, Hunt was released to parole for a third time. (Dkt. 58-11, p. 44). His parole was revoked on October 13, 2008, and he forfeited 1 year, 9 months, and 12 days of street-time credit. (*Id.*). Hunt filed a time-credit dispute resolution form with the TDCJ in December 2008, challenging the forfeiture of his street-time credit. (*Id.* at 45). The TDCJ responded in May 2009, concluding that his sentence was proper and that Hunt was not eligible to retain his street-time or his previously earned good-time credits under Texas law. (*Id.*).

In April 2011, Hunt filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, which was docketed as Case No. 4:11-cv-1523. That petition challenged the October 2008 parole revocation on both substantive and procedural grounds. (Case No. 4:11-cv-1523, Dkt. 1). Hunt also argued that the TDCJ had illegally added "7 years . . . to the end of [his] sentence,"

which he asserted was a double jeopardy violation. (*Id.* at 10-11). The federal court dismissed his petition as barred by limitations in November 2011. (Case No. 4:11-cv-1523, Dkt. 14).

In April 2012, Hunt was released to parole for a fourth time. (Dkt. 58-11, p. 44). On November 7, 2013, his parole was revoked, and he forfeited 11 months and 9 days of street-time credit. (*Id.* at 47, 49). In January 2014, Hunt filed a state habeas application, contending that the TDCJ had improperly added 7 years to his sentence upon revocation by forfeiting his previously earned street-time, work-time, and good-time credits. (Dkt. 58-6, pp. 10-11). The state habeas trial court recommended that Hunt's petition be denied because the forfeiture of his credits was proper under the state laws in effect when his parole was revoked. (*Id.* at 67-68). The Court of Criminal Appeals denied Hunt's petition, without written order, on the findings of the trial court, in September 2014. (Dkt. 58-2). Hunt did not then seek federal habeas review of that ruling.

On August 18, 2015, Hunt was released to parole for the fifth time. (Dkt. 58-11, p. 45). On June 20, 2019, the TDCJ Parole Division issued a pre-revocation warrant for Hunt's arrest, which was executed on September 20, 2019. (*Id.* at 50). Hunt's parole was not revoked as a result of his arrest. Instead of returning him to prison, parole officials transferred him to an Intermediate Sanction Facility (ISF). (*Id.*). He did not forfeit more street-time credit as a result of this transfer. (*Id.*).

In October 2019, shortly after being transferred to the ISF, Hunt filed this pending federal habeas corpus petition, seeking relief under 28 U.S.C. § 2254. He asserted the following claims:

> 1. His parole revocations have resulted in a "new" 7-year sentence on top of the 25-year sentence that was imposed in 1989, which violates double jeopardy. (Claim 1).
>
> 2. His parole revocations have taken away 20 years of previously earned good-time and work-time credits, in violation of the Due Process Clause and the Fourth Amendment. (Claims 2 and 3).

3

> 3. He has been sent to a "Substance Abuse Felony Punishment," or SAFP facility, where he is not receiving "flat time" or jail credit from the date of his arrest. (Claim 4).

(Dkt. 1, pp. 5-10). Hunt asked this court to vacate his sentence, issue an injunction to order his release, and declare the TDCJ policy on street-time forfeiture unconstitutional.[1] (*Id.* at 15). The court dismissed the petition on December 18, 2019, after Hunt failed to comply with an order to pay the filing fee. (Dkt. 13).

In December 2019, Hunt filed a state habeas application, challenging the calculation of his sentence and eligibility for release on mandatory supervision. (Dkt. 58-11, pp. 5-30). In that state application, Hunt raised four claims:

> 1. The TDCJ violated his due process rights by keeping him confined when he was eligible for mandatory supervision based on his accrued calendar-time, good-time, and work-time credits. (Claim 1).
>
> 2. The TDCJ violated double jeopardy by extending his original sentence when it took away his previously earned street-time credits. (Claim 2).
>
> 3. The TDCJ violated due process by forfeiting his previously earned good-time and work-time credits. (Claim 3).
>
> 4. The "new" 7-year sentence he received exceeds the maximum sentence for his conviction for unauthorized use of a motor vehicle. (Claim 4).

(*Id.* at 10-17). The state habeas corpus court concluded that Claims 1 and 3 were procedurally barred because Hunt failed to raise them through the TDCJ time-credit dispute resolution process. (*Id.* at 55). The state habeas court concluded that Claim 2 was without merit because forfeiting Hunt's street-time credit was proper under the state law in effect at the time of the revocation. (*Id.* at 55-56). Finally, the state habeas court concluded that Claim 4 was barred under the Texas abuse-

---

[1] Hunt also requested that the court award him money damages for the work credits that were forfeited. (Dkt. 1, p. 15). The court previously dismissed that claim as not cognizable in a habeas petition. (Dkt. 21).

of-the-writ statute. (*Id.* at 56). Based on these findings and conclusions, the Court of Criminal Appeals denied Hunt's petition without written order in April 2020. (Dkt. 58-9).

While Hunt's state habeas application was still pending before the Texas Court of Criminal Appeals, he filed a federal lawsuit asserting the same kind of claims he has raised in his earlier federal habeas petition. (Dkt. 14). He also moved to reinstate that case. (Dkt. 15). The court granted that motion and ordered the respondent to respond to the claims Hunt asserted in the earlier federal petition. (Dkts. 19, 22). The respondent moved for summary judgment, arguing that several of Hunt's claims are second or successive applications and barred by limitations. (Dkt. 57, pp. 1-13). The respondent also argues that Hunt's claim of improperly denied flat-time or jail-time credit is meritless. (*Id*. at 14).

Shortly before the respondent filed his motion for summary judgment, Hunt filed two notices of appeal to the Fifth Circuit to challenge this court's denials of his motions for a preliminary injunction, discovery, and joinder of additional state law claims. (Dkts. 42, 50). The case was stayed and administratively closed while Hunt's appeal was decided. (Dkt. 66). On August 20, 2021, the Fifth Circuit dismissed Hunt's appeal as frivolous and for lack of jurisdiction. *See Hunt v. Lumpkin*, 857 F. App'x 186 (5th Cir. 2021). (Dkts. 69, 70). On Hunt's motion, (Dkt. 72), the stay was lifted. The motion for summary judgment is analyzed below.

**II. Discussion**

    **A. Successive Petition**

The respondent argues that Hunt's pending federal habeas corpus petition is a successive petition that is barred by 28 U.S.C. § 2244(b) as to his claims arising from the 1996, 2005, and 2008 revocations and sentence calculations. (Dkt. 57, pp. 1-6). Under AEDPA, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*,

140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). To file a second or successive petition, the prisoner "must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies [AEDPA]'s gatekeeping requirements." *Id.* A prisoner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if it relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A).

Court records reflect that Hunt raised Claim 1, which alleges a double jeopardy violation, in the federal habeas petition that he filed in 2011. In both that case and his present petition, he argued that the TDCJ had violated double jeopardy by forfeiting 7 years of his street-time credit and requiring him to serve that time in prison. To the extent that Hunt's Claims 2 and 3 challenge the calculation of his sentence following the 1996, 2005, and 2008 parole revocations, he could have raised the claims in his previous federal habeas petition, but he did not do so. Because the pending petition is successive at least in part, Hunt must seek authorization from the Fifth Circuit before this court can consider his claims as to time allegedly forfeited as a result of the 1995, 2005, and 2008 revocations. *See* 28 U.S.C. § 2244(b)(3)(A). He has not done so, barring these claims.

The respondent's motion for summary judgment on this issue is granted.

  **B. Statute of Limitations**

The respondent argues that claims arising from the 2013 revocation of Hunt's parole and the calculation of his prison sentence are barred by limitations. The statute set a one-year

6

limitations period for seeking federal habeas review. *See* 28 U.S.C. § 2244(d). This limitations period runs from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The state habeas record shows that Hunt forfeited street-time credit when his parole was revoked in November 2013. (Dkt. 58-11, p. 44). Hunt was aware at that time of the factual basis for his claims for wrongful forfeiture of that credit. The AEDPA limitations period began to run on this date.[2] *See* 28 U.S.C. §2244(d)(1)(D); *see also Stone v. Thaler,* 614 F.3d 136, 138 (5th Cir. 2010) ("Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions."); *Sanford v. Thaler,* 481 F. App'x 202, 203 (5th Cir. 2012) (per curiam) (pointing out that the factual predicate for a claim arising out of a revocation of parole was discoverable on the date parole was revoked); *Goodwin v. Dretke*, 150 F. App'x 295, 298 (5th Cir. 2005) (per curiam) ("[F]or limitations purposes, subpart (D) governs the timeliness *vel non* of the filing of claims

---

[2]Hunt's assertion that his claim is not barred by limitations because he is suffering a new injury every day he is kept in TDCJ custody is not supported by 28 U.S.C. § 2254(d)(1)(D). That statute starts the limitations period on the date the factual basis for the claim is known, not the date any consequences are felt. *See Lookingbill v. Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002) ("Federal courts interpret the federal time period as running from the event described" in the rule rather than from when notice is received or consequences have been suffered.).

7

predicated on parole decisions."). The deadline for Hunt to file a federal habeas petition challenging that revocation expired in November 2014. Hunt did not file his federal habeas petition raising this issue until October 2019, long after the deadline passed. His claim is time-barred unless a basis for extension applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the deadline. *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000). Hunt filed a state habeas petition challenging his "new 7 year sentence" on January 8, 2014, and the Court of Criminal Appeals denied relief on September 24, 2014. This entitles Hunt to 259 days of statutory extension for that claim, extending the deadline until July 24, 2015. Hunt filed his October 2019 petition long after that extended deadline. Hunt's double jeopardy claim based on a "new 7 year sentence" is time-barred unless another statutory basis to extend applies.

Hunt has failed to allege or point to facts that support applying any of the remaining statutory extensions to the limitations period. Hunt is not challenging his original judgment. *See* 28 U.S.C. § 2244(d)(1)(A). He has not alleged that any unconstitutional state action prevented him from filing his federal habeas petition before limitations ended. *See* 28 U.S.C. § 2244(d)(1)(B). And he has not alleged or pointed to facts showing that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). No statutory basis to extend applies.

Nor is there an equitable basis to extend the deadline. Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable

tolling applies only "in rare and exceptional circumstances"). A "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. So a "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Neither lack of knowledge of the law or filing deadlines, nor *pro se* status excuses delay. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The habeas petitioner has the burden of justifying equitable tolling. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Hunt has not alleged or pointed to facts that would support a claim for equitable tolling. The record shows that Hunt has been aware of, and aggrieved by, the forfeiture of his street-time credits, good-time credits, and work credits since his parole was first revoked in 1996. Hunt waited more than nine years before filing a state habeas petition raising the issue, and another five years after that before filing a federal habeas petition. Equitable tolling does not apply to those who "sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Because Hunt has not alleged a basis for extending the limitations period, his petition challenging the consequences of his 2013 parole revocation is time-barred. § 2244(d)(1).

9

### C. The Claim for Improper Denial of Flat-Time or Jail-Time Credit

Hunt's claim that he has been improperly denied flat-time or jail-time credit on his sentence while in custody at a SAFP facility appears to stem from his transfer to an ISF after his September 2019 arrest. (Dkt. 1, p. 10). The respondent argues that this claim is conclusory and should be denied because Hunt has failed to exhaust his state remedies. (Dkt. 57, p. 14).

"[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) (quoting *Orman v. Cain,* 228 F.3d 616 619-20 (5th Cir. 2000)); *see also* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . .").

While the exhaustion requirement is not jurisdictional, the requirement applies unless there is no available state corrective process or circumstances exist that make the process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B). When a prisoner challenging his sentence computation fails to properly exhaust state remedies by filing a time-credit dispute resolution form and then a state habeas corpus application, a federal habeas petition on the issue may be dismissed for failure to exhaust state remedies. A federal habeas court may raise on its own the prisoner's failure to exhaust his state remedies. *Tigner v. Cockrell*, 264 F.3d 521, 526 n.3 (5th Cir. 2001).

Hunt did not "fairly present" his claim concerning the alleged lack of jail credit for time spent in the SAFPF. He did not raise it in his state habeas petition, and it cannot be raised for the first time in this federal petition. And even if his claim had been raised in the state court, the record

10

does not show that it could have been raised in a procedurally proper manner, because Hunt admits he did not first file a time-credit dispute resolution form as required by § 501.0081.[3]

Hunt failed to exhaust his state remedies as to this claim, and any attempt to raise the claim now would be denied as successive. *See* TEX. CODE CRIM. P. 11.07, § 4(a) (limiting claims in a subsequent petition to those that have not been and could not have been presented in a previous petition). Because this claim is barred from federal habeas review, the respondent is entitled to summary judgment.

## III.     Certificate of Appealability

Hunt has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253; *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (§ 2254 and § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The defendant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[3]The state habeas record contains an affidavit from Charley Valdez, who is a Program Supervisor for the Classification and Records Department of TDCJ. (Dkt. 58-11, pp. 43-51). In his affidavit, Valdez provides a lengthy chronology of Hunt's parole revocation proceedings and asserts that "[Hunt] will receive jail credit from 09/20/2019" while he remains in SAFP status. (*Id*. at 50). Hunt has not filed a response to the summary judgment motion or pointed to any other evidence showing that he has been denied flat-time while confined following his most recent arrest in 2019. Even if this claim were properly before the court, Hunt's "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam).

'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After carefully considering the record, the court concludes that jurists of reason would conclude without debate that any procedural ruling in this case was correct. There are no grounds to issue a certificate of appealability.

## IV. Conclusion

The petitioner's motion to reinstate this case, (Dkt. 72), is granted. The respondent's motion for summary judgment, (Dkt. 57), is granted, and Hunt's petition is dismissed. The dismissal of claims barred by 28 U.S.C. § 2244(b) is without prejudice. All other claims are dismissed with prejudice. A certificate of appealability is denied. An order of dismissal is separately entered.

SIGNED on October 21, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge